IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TARA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ACTION TARGET,<br><br>Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-01190-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This employment discrimination matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 16; 28.) The Court now considers Defendant's motion to exclude its previously filed motion for protective order and to disqualify Plaintiff's counsel from the Short Form Discovery Motion Procedure ("Short Form Procedure"). (Dkt. No. 28.) For the reasons discussed below, the Court **GRANTS** the motion.

## II. PROCEDURAL HISTORY

On January 16, 2014, the District Court ordered the parties to follow the Short Form Procedure. (Dkt. No. 17.) The Short Form Procedure instructs parties on how to resolve discovery disputes. Relevant here, the Short Form Procedure requires parties who cannot resolve discovery disputes to file short form discovery motions "which should not exceed 500 words exclusive of caption and signature block." (*Id.* at 1.)

On May 9, 2014, Defendant filed a joint motion for protective order and motion to disqualify Plaintiff's counsel. (Dkt. No. 23.) Defendant seeks a protective order to prohibit Plaintiff's counsel from representing a third-party at a deposition and to prohibit any future *ex parte* communications between the third-party and Plaintiff's counsel.

Defendant states that the third-party previously worked as Defendant's Human Resource Director. (Dkt. No. 28 at 3.) In that role, she obtained privilege information regarding this case and helped defend against Plaintiff's complaint. (*Id.*) Therefore, allowing Plaintiff's counsel to represent this third-party at a deposition and in any other capacity creates a risk that the third-party will improperly divulge Defendant's privileged communications to Plaintiff.

Defendant's motion failed to comply with the Short Form Procedure because it exceeded 500 words. (Dkt. No. 23.) As a result, this Court ordered Defendant to refile the motion in a format that complied with the Short Form Procedure. (Dkt. No. 26.)

### III. ANALYSIS OF DEFENDANT'S MOTION TO EXCLUDE ITS PREVIOUS MOTION FROM SHORT FORM PROCEDURE

On May 14, 2014, Defendant filed a motion to exclude from the Short Form Procedure its previously filed motion for protective order and to disqualify Plaintiff's counsel. (Dkt. No. 28.) In short, Defendant wants to exceed the 500 word limit prescribed in the Short Form Procedure.

To support this request, Defendant asserts that the Short Form Procedure is "designed and intended to deal primarily with discovery requests, such as interrogatories, requests for production and any responses . . . ." (*Id.* at 2-3.) In contrast, the parties' current dispute "does not involve discovery requests . . . and does not seek a traditional discovery protective order." (*Id.* at 3.)

Rather, "the dispute concerns [] much larger issue[s] . . . ." (*Id.*) The dispute concerns "whether [Plaintiff's] counsel should be able to have *ex parte* contact with" the third-party who

"has privileged information and has been involved in the defense of this case . . . ." (Dkt. No. 28 at 3.) The dispute also concerns "whether [Plaintiff's] counsel should be disqualified because of her access to that privileged information." (*Id.*)

Defendant further emphasizes that "the relief requested – a protective order and disqualification – are supported by overlapping law." (*Id.* at 4.) Therefore, "[i]n the interest of judicial efficiency, the Court should decide all of the issues briefed as one motion . . . ." (*Id.*)

Plaintiff opposes Defendant's motion to exclude its previously filed motion from the Short Form Procedure. (Dkt. No. 30.) Plaintiff asserts that Defendant only needs 500 words to address the parties' dispute because "[t]he facts are actually very simple[.]" (*Id.* at 2.) Plaintiff believes that Defendant's current motion "is simply a delay tactic, given that Defendant[] w[as] given notice of" the third-party's "deposition in February and chose to file" its protective order motion mere days before the third-party's scheduled deposition. (*Id.*)

The Court does not condone Defendant's decision to delay its motion for protective order and to disqualify counsel until a few days before the third-party's deposition. However, upon further review, the Court agrees with Defendant's substantive arguments for excluding its previously filed motion from the Short Form Procedure.

The facts underlying Defendant's motion for protective order overlap with the facts underlying Defendant's motion to disqualify Plaintiff's counsel. These facts involve complicated issues. For instance, Defendant feels concerned that Plaintiff's counsel engaged in *ex parte* communications with the third-party while the third-party still worked for Defendant. (Dkt. No. 28 at 4.) Defendant also insists that the third-party signed a severance agreement with Defendant that prohibited her from communicating any confidential information. (*Id.* at 3-4.)

For these reasons, the Court will exclude Defendant's previously filed motion from the Short Form Procedure. However, the Court emphasizes that this exclusion only applies to Defendant's previously filed motion at Docket No. 23. In the future, the Court expects Defendant to comply with the Short Form Procedure that District Judge Waddoups ordered in this case. Moreover, to address Plaintiff's delay concerns, the Court will expedite briefing on Defendant's previously filed motion.

## IV. ORDERS

For the reasons set forth above, the Court **GRANTS** Defendant's motion to exclude its previously filed motion for protective order and to disqualify counsel (Dkt. No. 23) from the Short Form Discovery Motion Procedure. (Dkt. No. 28.)

Plaintiff must file a response, if any, to Defendant's motion for protective order and to disqualify (Dkt. No. 23) by **May 26, 2014**. Defendant must file a reply, if any, by **May 29, 2014**.

Dated this 20th day of May, 2014.

By the Court:

Dustin B. Pead
United States Magistrate Judge