IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TARA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> ACTION TARGET, <br><br> Defendant. | MEMORANDUM DECISION <br><br> Case No. 2:12-cv-01190-CW-DBP <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This employment discrimination matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 16.) The parties' fact discovery deadline expired on June 2, 2014. (Dkt. No. 21 at 3.) However, at a June 5, 2014 hearing, this Court extended the fact discovery deadline specifically for Plaintiff to depose Kjrsten Oler, Defendant's former human resources director. (Dkt. Nos. 37-38.)

On approximately June 23, 2014, Defendant noticed Plaintiff's deposition. (Dkt. No. 40 at 2.) Defendant noticed the deposition to occur on July 14, 2014 in Salt Lake City, Utah. (*Id.*)

On June 27, 2014, Plaintiff filed the present motion for protective order relating to the scheduled deposition. (Dkt. No. 40.) For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part the motion.

## II. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Fed. R. Civ. P. 26(c)(1) permits a court to grant a protective order for "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Pursuant to this rule, Plaintiff filed the present motion.

### A. Request to Stay July 14, 2014 Deposition

Plaintiff moves for a protective order staying the July 14, 2014 deposition because her counsel will be out of the state on that date. (Dkt. No. 40 at 3.) Plaintiff agrees to undergo a deposition on a later date when her counsel can accompany her. (*Id.*)

Defendant "recognizes the deposition will have to take place on another date" due to Plaintiff's counsel's unavailability. (Dkt. No. 42 at 7 n.7.) Given these circumstances, the Court **GRANTS** this portion of Plaintiff's motion. (Dkt. No. 40.) The Court **STAYS** Plaintiff's July 14, 2014 deposition.

### B. Request to Take Deposition by Videoconference or to Require Defendant to Pay for Plaintiff's Travel Expenses

Because she lives in Alaska, Plaintiff also moves for a protective order requiring Defendant to take her deposition by videoconference. (*Id.* at 3.) *See Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600-01 (D. Kan. 2012) (allowing opt-in plaintiffs in collective action under Fair Labor Standards Act ("FLSA") to undergo videoconference depositions because their costs to travel for in-person depositions would "comprise[] a substantial percentage of their estimated" recovery, and incurring such costs would undermine the "remedial nature of collective actions under the FLSA."). Alternatively, Plaintiff moves for a protective order requiring Defendant to pay for her flight to Utah for the deposition. (Dkt. No. 40 at 3.) For the reasons analyzed below, the Court **DENIES** this portion of Plaintiff's motion.

Plaintiff argues that she will suffer "undue burden" by traveling to Utah for her deposition because Defendant untimely noticed her deposition after the fact discovery deadline expired. (Dkt. No. 43 at 2.) *See Otero v. Buslee*, 695 F.2d 1244, 1248 (10th Cir. 1982) (affirming district court's refusal to allow defendants to untimely depose plaintiffs because defendants failed to show "extenuating circumstances" justifying untimely depositions).

Initially, the Court notes it does not condone untimely deposition notices. However, Defendant's untimely deposition request fails to demonstrate good cause to grant Plaintiff's motion. Unlike *Otero*, this Court previously permitted Plaintiff to conduct an untimely deposition on Oler. Extending the same courtesy to Defendant to conduct Plaintiff's deposition fails to constitute an undue burden on Plaintiff. This is especially so because this Court has stayed the July 14, 2014 deposition. This stay gives Plaintiff additional time to arrange for a convenient date to travel to Utah for her deposition.

Plaintiff also argues she will be "burdened financially if she ha[s] to pay the travel expenses to be deposed in Utah . . . ." (Dkt. No. 43 at 8.) She estimates she will incur travel costs between $415.00 and $800.00. (*Id.* at 7 n.3.)

Defendant counters that Plaintiff should appear for her deposition in Utah because she chose to file suit in Utah. (Dkt. No. 42 at 2.) *See Srebnik v. Dean*, Case No. 05-cv-01086-WYD-MJW, 2006 WL 2331014, at *1 (D. Colo. June 20, 2006) (unpublished) ("Plaintiffs are expected to appear for their depositions in the forum where they initiate their lawsuit absent extreme hardship."). *See also In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) (noting that, "in selecting the forum," a plaintiff "has effectively consented to participation in legal proceedings there," including depositions).

This Court agrees with Defendant. The minimal financial burden Plaintiff will incur to travel to her chosen forum for a deposition fails to constitute good cause to grant her motion. *See United States v. Real Prop. Located at Layton, Utah 84040*, 269 F.R.D. 658, 660 (D. Utah 2010) ("[U]nsupported and conclusory assertions" about financial hardship "do not constitute an adequate showing that the deposition will subject [a defendant] to '*undue* burden or expense.'"). Moreover, unlike the FLSA opt-in collective action plaintiffs in *Shockey*, Plaintiff is the sole complainant in this employment discrimination matter, and her costs to travel to Utah do not constitute a substantial percentage of her expected recovery.

**C. Request to Schedule Plaintiff's Deposition After Krjsten Oler's Deposition**

The parties have scheduled Oler's deposition for July 31, 2014. (Dkt. No. 43 at 2.) Now Plaintiff moves for an order requiring Defendant to depose her only after Plaintiff deposes Oler. (Dkt. No. 40 at 5.) Plaintiff believes she should be able to depose Oler first because she requested Oler's deposition before Defendant requested Plaintiff's deposition. (*Id.*)

Defendant opposes this request because "there is no rule that entitles Plaintiff to depose Ms. Oler first." (Dkt. No. 42 at 7.) "In fact, it makes more sense to hear Plaintiff's testimony about her claims before turning to secondary witnesses" such as Oler. (*Id.*)

Plaintiff cites no law to support her demand to depose Oler first. As a result, the Court **DENIES** this portion of Plaintiff's motion. (Dkt. No. 40.) However, the parties should not construe the Court's denial as a requirement that Plaintiff's deposition occur before Oler's deposition. The parties should agree on a mutually convenient deposition order.[1]

---

[1] From a practical perspective, the Court observes that the parties will likely struggle in trying to coordinate Plaintiff's deposition to occur within the next three weeks before Oler's July 31, 2014 deposition.

## III. ORDERS

For the reasons discussed above, the Court issues the following **ORDERS**:

The Court **GRANTS** in part Plaintiff's motion for protective order by **STAYING** Plaintiff's July 14, 2014 deposition. (Dkt. No. 40.)

The Court **DENIES** the remainder of Plaintiff's motion for protective order. (Dkt. No. 40.)

The Court **ORDERS** the parties to arrange a mutually convenient date on which to depose Plaintiff in person.

Dated this 11th day of July, 2014.　　　　By the Court:

Dustin B. Pead
United States Magistrate Judge